UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MITCHELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AUTO CLUB LIFE INSURANCE COMPANY, a business entity of unknown form; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:  20cv1312 DMS (WVG)<br><br>**ORDER DENYING DEFENDANT'S EX PARTE APPLICATION TO CERTIFY THE COURT'S SUMMARY JUDGMENT ORDER FOR IMMEDIATE APPEAL UNDER 28 U.S.C. § 1292(b)** |

This case comes before the Court on Defendants' ex parte application to certify the Court's November 15, 2021 summary judgment order for interlocutory review and to stay proceedings pending appeal.  Plaintiff opposes the motion.

Title 28 U.S.C. § 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

/ / /

1

28 U.S.C. § 1292(b). According to the Ninth Circuit, this statute is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) (citations omitted).

As set out in the statute, there are three requirements for certification pursuant to § 1292(b). The first is that the order involve "a controlling question of law." To satisfy this requirement, the moving party must show "that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *Id.* Defendant argues that requirement is met here. Plaintiff responds that Defendant's "controlling questions of law" are neither "controlling," nor "questions of law."

The first issue Defendant identifies is whether CUETA applies to Peter's attempt to cancel the Policy. Although Defendant asserts this is a question of law, case law suggests this issue may involve factual considerations. *See* Cal. Civ. Code § 1633.5(b) ("Whether the parties agree to conduct a transaction by electronic means is determined from the context and surrounding circumstances, including the parties' conduct.") Accordingly, this issue does not meet the first requirement for interlocutory review.

The second issue Defendant identifies is waiver, and more specifically, whether Peter waived any writing requirement in the Policy. However, this issue, too, is not a pure "question of law." *See Oakland Raiders v. Oakland-Alameda Cty. Coliseum, Inc.*, 144 Cal. App. 4th 1175, 1191 (2006) (acknowledging "that the existence of waiver is ordinarily a question of fact.") Accordingly, this issue also fails to meet the first requirement for interlocutory review.

Having failed to satisfy the first requirement, the Court need not address the other two factors. The Court notes, however, that this case is scheduled for pretrial conference on December 17, 2021, and that the trial is scheduled to begin on January 18, 2022, less than two months from now. Under these circumstances, the third requirement for interlocutory review is also not met. *See Menzel v. Scholastic, Inc.*, No. 17-CV-05499-EMC, 2020 WL 1308346, at *1 (N.D. Cal. Jan. 17, 2020) (finding interlocutory review

would not materially advance ultimate termination of litigation when case was "essentially on the eve of trial.")

For these reasons, Defendant's motion to certify the Court's summary judgment order for interlocutory review is denied.

**IT IS SO ORDERED**.

Dated:  December 1, 2021

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court